The People of the State of New York, Respondent,
against
Robert Jones, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered December 20, 2012, after a nonjury trial, convicting him of criminal trespass in the third degree, and imposing sentence.
Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered December 20, 2012, affirmed.
The third-degree criminal trespass count of the accusatory instrument, as supported by nonhearsay allegations which gave defendant sufficient notice of the charged conduct to prepare a defense and avoid double jeopardy, was not jurisdictionally deficient. The information alleged that on a particular date and time, and at a specified subway station, defendant, a 58-year old man, entered into the subway system without paying the required fare by utilizing a "Student MetroCard . . . which was issued for the exclusive use of another person and not the defendant" (see People v Sweat, 57 Misc 3d 159[A], 2017 NY Slip Op 51692[U] [App Term, 1st Dept 2017], lv denied 31 NY3d 987 [2018]; People v Williams, 2001 NY Slip Op 40486[U] [App Term, 1st Dept 2001], lv denied 97 NY2d 689 [2001]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. Defendant's argument concerning the variance between the information and the trial evidence regarding the precise location on 34th Street of the subway station at issue is unpreserved (see People v Kimbrough, 160 AD3d 541, 542 [2018], lv denied 31 NY3d 1150 [2018]). As an alternative holding, we find it unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 19, 2019